PROSKAUER ROSE LLP
Bettina B. Plevan (BP-7460)
Lloyd B. Chinn (LC-7953)
Susan D. Friedfel (SF-1188)
1585 Broadway
New York, NY  10036-8299
Telephone 212.969.3000
Fax 212.969.2900
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EFFAT S. EMAMIAN

                      Plaintiff,

   -against-

ROCKEFELLER UNIVERSITY,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil Action No.
07 CV 3919 (DAB)

**ANSWER**

      Defendant, Rockefeller University ("Rockefeller" or the "University"), by and through its attorneys, Proskauer Rose LLP, states as follows for its answer to the Amended Complaint of Plaintiff Effat S. Emamian:

      1.    Denies the allegations set forth in paragraph 1 of the Amended Complaint except denies knowledge or information sufficient to form a belief as to plaintiff's residence, admits that defendant employed plaintiff from March 2004 through July 2007, that she held the position of Research Assistant Professor in the Laboratory of Molecular and Cellular Neuroscience in New York City on June 7, 2007 and continued to hold that position until July 31, 2007.

2. Admits the allegations set forth in paragraph 2 of the Amended Complaint.

3. Denies the allegations set forth in paragraph 3 of the Amended Complaint, except admits that the action purports to be brought pursuant to the statutes cited therein.

4. Denies the allegations set forth in Paragraph 4 of the Amended Complaint, except admits that Plaintiff purports to bring this action pursuant to the jurisdictional sections referenced therein.

5. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Amended Complaint, except admits that defendant was served with a copy of the Charge of Discrimination attached as Exhibit A to the Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Amended Complaint.

7. Denies the allegations set forth in Paragraph 7 of the Amended Complaint, except admits that venue is proper in the Southern District of New York.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Amended Complaint, except admits that Dr. Emamian is female.

9. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint, except admits that Rockefeller University Professor Nathaniel Heintz wrote an article in the July 2003 edition of *Science* in which he commented on an article for which Dr. Emamian was listed as an author based on research she did prior to joining Rockefeller and refers to that article for its contents.

11. Admits the allegations set forth in paragraph 11 of the Amended Complaint.

12. Admits the allegations set forth in paragraph 12 of the Amended Complaint.

13. Denies the allegations set forth in paragraph 13 of the Amended Complaint except admits that Dr. Emamian joined Rockefeller University's Laboratory of Molecular and Cellular Neuroscience, which is headed by Dr. Paul Greengard, in March of 2004.

14. Denies the allegations set forth in paragraph 14 of the Amended Complaint.

15. Denies the allegations set forth in paragraph 15 of the Amended Complaint.

16. Denies the allegations set forth in paragraph 16 of the Amended Complaint.

17. Denies the allegations set forth in paragraph 17 of the Amended Complaint, except admits that one male employee was offered an empty office.

18. Denies the allegations set forth in paragraph 18 of the Amended Complaint.

19. Denies the allegations set forth in paragraph 19 of the Amended Complaint.

20. Denies the allegations set forth in paragraph 20 of the Amended Complaint, except denies knowledge sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 20.

21. Denies the allegations set forth in paragraph 21 of the Amended Complaint, except admits that Dr. Emamian's salary was lower than that of a male scientist in Dr. Greengard's lab who held a lower academic title but who had greater responsibility and was more highly regarded as a scientist.

22. Denies the allegations set forth in paragraph 22 of the Amended Complaint.

23. Denies the allegations set forth in paragraph 23 of the Amended Complaint, except admit that Dr. Greengard did not order anyone to stop using human tissue.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint.

25. Denies the allegations set forth in paragraph 25 of the Amended Complaint, except admits that the Gene Expression Nervous System Atlas ("GENSAT") is a Rockefeller University project that is in the process of creating a genetic atlas of the mammalian brain that provides unprecedented access to central nervous system regions, cell class and pathways, that is headed by Dr. Nathaniel Heintz, a scientist who wrote an article in the July 2003 edition of *Science* in which he commented on an article for which Dr. Emamian was listed as an author based on research she did prior to joining Rockefeller.

26. Denies the allegations set forth in paragraph 26 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the work of Dr. Marc G. Caron and admits that from time to time, Dr. Nathaniel Heintz, Rockefeller University professor and Head of the Laboratory of Molecular Biology, solicits from his principal investigator colleagues at Rockefeller proposals for submissions to GENSAT, and admits that plaintiff contacted Dr. Paul Nurse, Mr. Fred Bohen, and Ms. Virginia Huffman regarding her research.

27. Denies the allegations set forth in paragraph 27 of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint, except admits that plaintiff claims to have discovered an asserted interaction of PKAc with AKT and that she discussed her purported discovery in a Rockefeller University technology disclosure form received by the University on May 10, 2005 and refers to the document for its contents.

29. Denies the allegations set forth in paragraph 29 of the Amended Complaint.

30. Denies the allegations set forth in paragraph 30 of the Amended Complaint.

31. Denies the allegations set forth in paragraph 31 of the Amended Complaint, except admits that on or about May 9, 2005, Dr. Emamian presented certain data and purported findings in a lab meeting and that she showed a slide of human tissue.

32. Denies the allegations set forth in paragraph 32 of the Amended Complaint.

33. Denies the allegations set forth in paragraph 33 of the Amended Complaint, except admits that plaintiff completed a Rockefeller University technology transfer form in May 2005 and provided a copy to Dr. Paul Greengard by email, that Dr. Greengard did not agree with plaintiff's purported findings or methodology, that Dr. Greengard sent an email to plaintiff dated May 13, 2005 and refers to the email for its contents, and further admits that the University's Office of Technology Transfer ("OTT") requested supporting data from plaintiff and that plaintiff provided certain data to the OTT.

34. Denies the allegations set forth in paragraph 34 of the Amended Complaint, except admits that on July 8, 2005, Dr. Emamian emailed Dr. Greengard regarding a draft of her paper and refers to the email for its contents, that on July 11, 2005, Dr. Greengard responded via email and refers to the email for its contents, that Dr. Emamian sent Dr. Greengard a further email dated July 11, 2005 and refers to it for its contents, and that on July 13, 2005, Dr. Greengard responded to Dr. Emamian by email and refers to the email for its contents.

35. Denies the allegations set forth in paragraph 35 of the Amended Complaint.

36. Denies the allegations set forth in paragraph 36 of the Amended Complaint, except admits that on August 11, 2005, Dr. Paul Nurse's secretary, Josephine Poniente sent an email to Dr. Emamian regarding her request and refers to the email for its contents.

37. Denies the allegations set forth in paragraph 37 of the Amended Complaint, except admits that Dr. Emamian contacted Ms. Huffman and that the two met on August 17, 2005.

38. Denies the allegations set forth in paragraph 38 of the Amended Complaint, except admits that on September 30, 2005, Dr. Emamian requested that Ms. Huffman be "disassigned" (sic) from her case.

39. Denies the allegations set forth in paragraph 39 of the Amended Complaint, except admits that Mr. Fred Bohen, Executive Vice President of Rockefeller University contacted Dr. Emamian by letter dated October 4, 2005 and refers to it for its contents and that Dr. Emamian contacted Mr. Bohen by letter dated October 7, 2005 and refers to the letter for its contents.

40. Denies the allegations set forth in paragraph 40 of the Amended Complaint, except admits that Dr. Emamian met with Dr. David Nathan to discuss her complaints on or about October 28, 2005 and admits that Dr. Nathan indicated that he did not believe that Dr. Emamian's allegations constituted discrimination.

41. Denies the allegations set forth in paragraph 41 of the Amended Complaint.

42. Admits the allegations set forth in paragraph 42 of the Amended Complaint.

43. Denies the allegations set forth in paragraph 43 of the Amended Complaint, except admits that Dr. Michael Young, Vice President for Academic Affairs, submitted a letter of nomination for the Staglin NARSAD Schizophrenia Research Award on Dr. Emamian's behalf on November 29, 2005 and refers to the letter for its contents.

44. Denies the allegations set forth in paragraph 44 of the Amended Complaint, except admits that Dr. Emamian met with Dr. Nathan and Mr. Bohen on December 12, 2005 and that Dr. Nathan informed her that the investigation into her allegations had been concluded, that Dr. Greengard would no longer be her scientific supervisor and mentor, and that she had a difficult personality. Dr. Nathan further suggested that she consider a career in the biotechnology industry.

45. Denies the allegations set forth in paragraph 45 of the Amended Complaint, except admits that Dr. Bohen emailed Dr. Emamian after the meeting and refers to the email for its contents.

46. Denies the allegations set forth in paragraph 46 of the Amended Complaint, except admits that on December 13, 2005, Dr. Greengard wrote a letter to Dr. Emamian and refers to the letter for its contents.

47. Denies the allegations set forth in paragraph 47 of the Amended Complaint, except admits that Dr. Emamian wrote a letter to Dr. David Rockefeller, Honorary Chairman of the Trustees, Mr. Russell L. Carson, Chairman of the Trustees, and Dr. Nurse on February 21, 2006 and refers to the letter for its contents.

48. Denies the allegations set forth in paragraph 48 of the Amended Complaint, except admits that on March 2, 2006, Rockefeller sent Dr. Emamian a letter regarding her application and refers to the letter for its contents.

49. Denies the allegations set forth in paragraph 49 of the Amended Complaint.

50. Denies the allegations set forth in paragraph 50 of the Amended Complaint, except admits that on January 4, 2007, Dr. Greengard sent Dr. Michael Young a letter and refers to the letter for its contents.

51. Denies the allegations set forth in paragraph 51 of the Amended Complaint, except admits that Rockefeller sent Dr. Emamian a letter on or about January 10, 2007 and refers to the letter for its contents.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Amended Complaint.

53. Denies the allegations set forth in paragraph 53 of the Amended Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint.

55. Denies the allegations set forth in paragraph 55 of the Amended Complaint, except admits that Dr. Emamian is listed as the "inventor" on provisional patent application express mail no. EV688861012US.

56. Denies the allegations set forth in paragraph 56 of the Amended Complaint.

57. Denies the allegations set forth in paragraph 57 of the Amended Complaint.

58. Repeats and realleges each and every response set forth in paragraph 1 through 57 of this Answer with the same force and effect as if fully set forth herein.

59. Admits the allegations set forth in paragraph 59 of the Amended Complaint.

60. Admits the allegations set forth in paragraph 60 of the Amended Complaint.

61. Denies the allegations set forth in paragraph 61 of the Amended Complaint.

62. Denies the allegations set forth in paragraph 62 of the Amended Complaint.

63. Denies the allegations set forth in paragraph 63 of the Amended Complaint.

64. Repeats and realleges each and every response set forth in paragraph 1 through 57 of this Answer with the same force and effect as if fully set forth herein.

65. Denies the allegations set forth in paragraph 65 of the Amended Complaint.

66. Denies the allegations set forth in paragraph 66 of the Amended Complaint.

67. Repeats and realleges each and every response set forth in paragraph 1 through 57 of this Answer with the same force and effect as if fully set forth herein.

68. Admits the allegations set forth in paragraph 68 of the Amended Complaint.

69. Admits the allegations set forth in paragraph 69 of the Amended Complaint.

70. Denies the allegations set forth in paragraph 70 of the Amended Complaint.

71. Denies the allegations set forth in paragraph 71 of the Amended Complaint.

72. Denies the allegations set forth in paragraph 72 of the Amended Complaint.

73. Repeats and realleges each and every response set forth in paragraph 1 through 57 of this Answer with the same force and effect as if fully set forth herein.

74. Denies the allegations set forth in paragraph 74 of the Amended Complaint, except admits that Dr. Emamian asserted that she was being discriminated against in oral and written complaints to Drs. Nathan and Nurse and to Mr. Bohen and Ms. Huffman and that defendant was served with a copy of the Charge of Discrimination attached as Exhibit A to the Amended Complaint.

75. Denies the allegations set forth in paragraph 75 of the Amended Complaint.

76. Denies the allegations set forth in paragraph 76 of the Amended Complaint.

77. Denies the allegations set forth in paragraph 77 of the Amended Complaint.

78. Denies the allegations set forth in paragraph 78 of the Amended Complaint.

79. Repeats and realleges each and every response set forth in paragraph 1 through 57 of this Answer with the same force and effect as if fully set forth herein.

80. Denies the allegations set forth in paragraph 80 of the Amended Complaint, except admits that Dr. Emamian asserted that she was being discriminated against in oral and written complaints to Drs. Nathan and Nurse and to Mr. Bohen and Ms. Huffman and that defendant was served with a copy of the Charge of Discrimination attached as Exhibit A to the Amended Complaint.

81. Denies the allegations set forth in paragraph 81 of the Amended Complaint.

82. Denies the allegations set forth in paragraph 82 of the Amended Complaint.

83. Denies the allegations set forth in paragraph 83 of the Amended Complaint.

84. Repeats and realleges each and every response set forth in paragraph 1 through 57 of this Answer with the same force and effect as if fully set forth herein.

85. Denies the allegations set forth in paragraph 85 of the Amended Complaint, except admits that Dr. Emamian asserted that she was being discriminated against in oral and written complaints to Drs. Nathan and Nurse and to Mr. Bohen and Ms. Huffman and that defendant was served with a copy of the Charge of Discrimination attached as Exhibit A to the Amended Complaint.

86. Denies the allegations set forth in paragraph 86 of the Amended Complaint.

87. Denies the allegations set forth in paragraph 87 of the Amended Complaint.

88. Denies the allegations set forth in paragraph 88 of the Amended Complaint.

89. Denies the allegations set forth in paragraph 89 of the Amended Complaint.

90. Denies the allegations set forth in paragraph 90 of the Amended Complaint.

91. Repeats and realleges each and every response set forth in paragraph 1 through 57 of this Answer with the same force and effect as if fully set forth herein.

92. Decline to answer the allegations contained in Paragraph 92 of the Amended Complaint because they relate to Defendant's pending motion to dismiss Plaintiff's seventh claim.

93. Decline to answer the allegations contained in Paragraph 93 of the Amended Complaint because they relate to Defendant's pending motion to dismiss Plaintiff's seventh claim.

94. Decline to answer the allegations contained in Paragraph 94 of the Amended Complaint because they relate to Defendant's pending motion to dismiss Plaintiff's seventh claim.

95. Decline to answer the allegations contained in Paragraph 95 of the Amended Complaint because they relate to Defendant's pending motion to dismiss Plaintiff's seventh claim.

96. Repeats and realleges each and every response set forth in paragraph 1 through 57 of this Answer with the same force and effect as if fully set forth herein.

97. Decline to answer the allegations contained in Paragraph 97 of the Amended Complaint because they relate to Defendant's pending motion to dismiss Plaintiff's eighth claim.

98. Decline to answer the allegations contained in Paragraph 98 of the Amended Complaint because they relate to Defendant's pending motion to dismiss Plaintiff's eighth claim.

99. Decline to answer the allegations contained in Paragraph 99 of the Amended Complaint because they relate to Defendant's pending motion to dismiss Plaintiff's eighth claim.

100. Repeats and realleges each and every response set forth in paragraph 1 through 57 of this Answer with the same force and effect as if fully set forth herein.

101. Denies the allegations set forth in paragraph 101 of the Amended Complaint.

102. Denies the allegations set forth in paragraph 102 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

103. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

104. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods.

## THIRD AFFIRMATIVE DEFENSE

105. If damaged, which defendant expressly denies, plaintiff has failed to make reasonable efforts to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

106. Defendant's liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

### FIFTH AFFIRMATIVE DEFENSE

107. At all times relevant hereto, including prior to the allegations that form the basis of Plaintiff's claims, defendant had established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents, and persons employed as independent contractors.

### SIXTH AFFIRMATIVE DEFENSE

108. At all times relevant hereto, including prior to the allegations that form the basis of Plaintiff's claims, defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior. Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by defendant or to avoid harm otherwise.

### SEVENTH AFFIRMATIVE DEFENSE

109. All or some of the claims alleged in the Amended Complaint are barred because defendant acted reasonably and/or in good faith and/or pursuant to valid business reasons.

### EIGHTH AFFIRMATIVE DEFENSE

110. Plaintiff has failed to state a basis for an award of exemplary and/or punitive damages.

## NINTH AFFIRMATIVE DEFENSE

111. Plaintiff is not entitled to punitive damages or attorneys' fees and costs under the New York State Executive Law.

## TENTH AFFIRMATIVE DEFENSE

112. Plaintiff's claims are barred, in whole or in part, by the failure to satisfy the statutory and/or administrative prerequisites to the bringing of an action under the Administrative Code of the City of New York.


Dated: New York, New York
August 10, 2007

PROSKAUER ROSE LLP

By: /s/ Bettina B. Plevan
    Bettina B. Plevan (BP-7460)
    Lloyd B. Chinn (LC-7953)
    Susan D. Friedfel (SF-1188)
1585 Broadway
New York, NY  10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900
*Attorneys for Defendant*