PROSKAUER ROSE LLP
Bettina B. Plevan (BP-7460)
Lloyd B. Chinn (LC-7953)
Susan D. Friedfel (SF-1188)
1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EFFAT S. EMAMIAN

     Plaintiff,

 -against-

ROCKEFELLER UNIVERSITY,

     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil Action No.
07 CV 3919 (DAB)

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS THE SEVENTH
<u>AND EIGHTH CLAIMS OF THE AMENDED COMPLAINT</u>**

**PRELIMINARY STATEMENT**

Without even making a reasonable attempt to meet the pleading requirements, Plaintiff Dr. Effat S. Emamian asserts claims for defamation by implication and tortious interference with prospective business advantage against Defendant Rockefeller University.  Plaintiff does not allege that Defendant made any statements to any third parties; nor does she allege that she had any existing or prospective business relations with any third parties with which Defendant could have interfered.  Her claims, therefore, fail as a matter of law.

**STATEMENT OF FACTS**

On or about June 7, 2007, Plaintiff filed the Amended Complaint in this action.[1]  Plaintiff asserts a total of nine claims, including a claim for defamation by implication and a claim for tortious interference with prospective advantage.[2]

In support of her claim for defamation by implication, Plaintiff alleges only the following:

- Prior to joining Rockefeller University and Dr. Greengard's laboratory, Dr. Emamian was a well respected and widely cited scientist with many opportunities for employment and collaboration with other scientists.

- After complaining of discrimination and retaliation to Rockefeller University, Dr. Emamian has been shunned by the scientific community, she has been unable – despite her best efforts – to find another work opportunity of similar caliber and scientists who in the past had seemed eager to work with her no longer return her correspondence.

- The statements constitute defamation per se in that they are injurious to Plaintiff in her trade, business and profession.

---

[1] Defendant assumes the truth of the allegations in the Amended Complaint only for purposes of this motion.

[2] Plaintiff also purports to assert causes of action under Title VII, the New York State Human Rights Law, the New York City Human Rights Law, and 42 U.S.C. § 1983.  (See Amended Complaint, annexed as Exhibit 1 to the Declaration of Bettina B. Plevan, Esq. dated August 10, 2007, hereinafter referred to as "Am. Compl." at ¶¶ 58-90, 100-102.)  Without prejudice to its defenses against those claims, Defendant does not seek to dismiss those causes of action in this motion.

- The statements also reflect a malicious and reckless disregard for the rights of Plaintiff, justifying an award of punitive damages against Defendants.

(Am. Compl. ¶¶ 92-95.) Despite references to "statements", Plaintiff does not allege that Defendant made any statements to anyone outside of Rockefeller University.

With respect to her eighth claim for tortious interference with prospective economic advantage, Plaintiff alleges the following:

- Out of spite, malice or ill will and/or through the use of wrongful means, Defendants have prevented Dr. Emamian from finding alternative employment despite her best efforts and have prevented her from collaborating with other scientists despite their initial enthusiasm.

- As a direct result of Defendants' interference with Dr. Emamian's prospective employment, Dr. Emamian will be out of work starting on July 31, 2007 and unable to continue her groundbreaking research in schizophrenia.

- By reason of the foregoing, defendants are liable to Plaintiff for compensatory damages in an amount to be determined at trial, plus punitive damages.

(Am. Compl. ¶¶ 97-99.) Plaintiff's claim cannot survive because she does not allege that she had prospective or existing business relations with any third party or that Defendant was aware of any such relations.

## ARGUMENT

### I.

### PLAINTIFF'S CLAIM FOR DEFAMATION BY IMPLICATION FAILS AS A MATTER OF LAW

In order to establish a prima facie claim of defamation, plaintiff must allege: (1) a false and defamatory statement about the plaintiff; (2) publication of the statement by the defendant to a third party; (3) fault on the part of the defendant; and (4) damages. 43A N.Y. Jur., Defamation and Privacy § 4 (1994). A claim for defamation by implication is somewhat narrower, however,

2

in that it is "premised not on direct statements but on false suggestions, impressions and implications arising from otherwise truthful statements." Armstrong v. Simon & Schuster, Inc., 85 N.Y.2d 373, 380-81 (1995). See also Pisani v. Westchester County Health Care Corp., 424 F. Supp. 2d 710, 717 (S.D.N.Y. 2006). Thus, in order to state such a claim, at a minimum, Plaintiff must identify a statement made by Defendant that omitted some material fact or otherwise led the reader or listener to draw an incorrect impression or inference.

Plaintiff does not allege in her seventh claim that Defendant made any statements to any third parties, much less any statements that could have created false suggestions, impressions or implications. Although Plaintiff claims that "*the statements* constitute defamation per se in that they are injurious to Plaintiff in her trade, business, and profession" and that "*the statements* also reflect a malicious and reckless disregard for the rights of Plaintiff", she does not plead any actual statements made by Defendant or any publication of those statements and thus fails to state a claim for defamation by implication. (Emphasis added.)

At a minimum Plaintiff has failed to meet the special pleading requirements of such a claim because she has not provided sufficient factual detail. See Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759 (2d Cir. 1990)(dismissing defamation claim for failure to plead the words spoken or publication); United States v. N.Y. Presbyterian Hospital, 06 CV 4056, 2007 U.S. Dist. LEXIS 53826, at *52-53 (S.D.N.Y. July 18, 2007) ("Where a complaint alleges claims for defamation without any indication as to what statements were made, when they were made, or to whom they were made, . . . the claims warrant dismissal under Rules 12(b)(6) and 8(a)(2)"); Edwards v. Great N. Ins. Co., 03 CV 2947, 2006 U.S. Dist. LEXIS 50683 (E.D.N.Y. July 18, 2006)(finding complaint deficient due to failure to identify the allegedly defamatory words, the speaker, the audience, and the timing).

3

## II.

## PLAINTIFF CANNOT STATE A CLAIM FOR
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

In order to state a claim for tortious interference with prospective economic advantage, Plaintiff must allege that: (i) she had business relations with a third party; (ii) defendant interfered with those business relations; (iii) defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (iv) defendant's acts injured the relationship. Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 214 (2d Cir. 2002). Plaintiff's eighth claim fails because she does not allege that she had any business relations with an identified third party, much less that Defendant was aware of any such relations. See Nadel v. Play-By-Play Toys & Novelties, Inc., 208 F.3d 368, 382-83 (2d Cir. 2000) (summary judgment on tortious interference claim affirmed because plaintiff failed to allege any specific business relations that were interfered with); Hutton v. Priddy's Auction Galleries, Inc., 275 F. Supp. 2d at 433-35 (dismissing tortious interference with prospective business advantage claim because plaintiff "does not, however, allege that defendants had any knowledge of his prospective third party contracts."); 800America, Inc. v. Control Commerce, Inc., 202 F. Supp. 2d 288, 290 (S.D.N.Y. 2002) ("Having no knowledge of the relations . . . [the defendant] could not possibly have intentionally interfered with those relations, existing or prospective."); Minnesota Mining & Mfg. Co. v. Graham-Field, Inc., No. 96 Civ. 3839, 1997 WL 166497, at *7 (S.D.N.Y. Apr. 9, 1997) (dismissing counterclaim for tortious interference with prospective economic advantage because counterclaim plaintiff's allegations were too general and "fail[ed] to allege a particular customer relationship with which [counterclaim defendant] interfered").

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss the seventh and eighth causes of action of Plaintiff's Amended Complaint should be granted.

PROSKAUER ROSE LLP

By:   /s/ Bettina B. Plevan
       Bettina B. Plevan (BP-7460)
       Lloyd B. Chinn (LC-7953)
       Susan D. Friedfel (SF-1188)
1585 Broadway
New York, NY 10036
(212) 969-3065

Attorneys for Defendant

Dated:  New York, New York
        August 10, 2007

5