PROSKAUER ROSE LLP
Bettina B. Plevan (BP-7460)
Lloyd B. Chinn (LC-7953)
1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EFFAT S. EMAMIAN

               Plaintiff,

-against-

ROCKEFELLER UNIVERSITY,

               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil Action No.
07 CV 3919 (DAB)

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS
THE SEVENTH AND EIGHTH CLAIMS OF THE AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

I.    EMAMIAN'S DEFAMATION AND/OR DEFAMATION BY IMPLICATION CLAIMS FAIL BECAUSE THEY REST ON TIME-BARRED ALLEGATIONS THAT DO NOT AMOUNT TO DEFAMATION ................................................................. 2

      "Expert" Opinions Regarding Emamian ........................................................................ 3

      May 9, 2005 Lab Meeting ............................................................................................. 4

      Alleged Pattern of Behavior .......................................................................................... 5

      Dr. Flajolet's Alleged Email ......................................................................................... 6

II.   EMAMIAN'S TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE CLAIM FAILS AS A MATTER OF LAW .................................................. 7

CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

PAGE(s)

## CASES

*Armstrong v. Simon & Schuster, Inc.*,
    85 N.Y.2d 373 (1995).................................................................................................3

*Bobal v. Rensselear Polytechnic Inst.*,
    916 F.2d 759 (2d Cir. 1990) (upholding Rule 12(b)(6).........................................3

*Bond v. Bd. of Educ. of City of New York*,
    1999 WL 151702 (E.D.N.Y. Mar. 17, 1999)...........................................................3

*Commonwealth Motor Parts, Ltd. v. Bank of Nova Scotia*,
    44 A.D.2d 375 (1st Dep't 1974), *aff'd*, 37 N.Y.2d 824 (1975).............................6

*Edwards v. Great N. Ins. Co*,
    2006 WL 2053717 (E.D.N.Y. July 21, 2006)....................................................4, 5

*Fedrizzi v. Washingtonville Cent. Sch. Dist.*,
    204 A.D.2d 267 (2d Dep't 1994).............................................................................5

*Guccione v. Hustler Magazine, Inc.*,
    800 F.2d 298 (2d Cir. 1986), *cert. denied*, 479 U.S. 1091 (1987).......................5

*Hutton v. Priddy's Auction Galleries, Inc.*,
    275 F. Supp. 2d 428 (S.D.N.Y. 2003)....................................................................9

*Liker v. Weider*,
    41 A.D.3d 438 (2d Dep't 2007)...............................................................................6

*Minnesota Mining & Manufacturing. Co. v. Graham- Field, Inc.*,
    1997 WL 166497 (S.D.N.Y. Apr. 9, 1997)..........................................................8, 9

*Pasqualini v. MortgageIT, Inc.*,
    498 F. Supp. 2d 659 (S.D.N.Y. 2007)....................................................................3

*Pavlica v. Behr*,
    2006 WL 1596763 (S.D.N.Y. June 12, 2006) ...................................................5, 6

*Pisani v. Westchester County. Health Care Corp.*,
    424 F. Supp. 2d 710 (S.D.N.Y., 2006)...................................................................8

*Rizzo v. Edison, Inc.*,
    172 Fed. Appx. 391, 395 (2d Cir. 2006)................................................................3

**STATUTES**

N.Y. C.P.L.R. §215(3) ................................................................................................4, 5, 7

## **PRELIMINARY STATEMENT**

Notwithstanding Plaintiff's Opposition Brief, her "Defamation By Implication" and "Tortious Interference With Prospective Economic Advantage" claims fail as a matter of law. As set forth in Defendant Rockefeller University's ("Rockefeller") moving brief, Emamian's Amended Complaint failed to specify any particular statements by Rockefeller in support of her seventh claim, "Defamation By Implication". In an attempt to remedy this failure, Emamian now points to several allegations scattered throughout her Amended Complaint that supposedly underlie such a claim. Notably, none of these allegations were identified in the Amended Complaint as supporting a defamation by implication claim. Moreover, Emamian's opposition brief does not limit itself to a defamation by implication claim. As to at least one allegation, Emamian now asserts that Dr. Paul Greengard made statements that were "defamatory in nature" (without identifying the statements). (Opposition Brief at 5). In any event, all of the allegations that Emamian now identifies as supporting her defamation claim are time-barred under New York defamation law, none are adequately pleaded, and they all suffer from further legal infirmities. For these reasons, Emamian's defamation claim should be dismissed.

As to her claim of tortuous interference with prospective economic advantage, Emamian has not identified any potential contract with which Rockefeller interfered, nor has she alleged that Rockefeller was aware of any such contract. This claim, too, should therefore be dismissed.

# ARGUMENT

## I.

## EMAMIAN'S DEFAMATION AND/OR DEFAMATION BY IMPLICATION CLAIMS FAIL BECAUSE THEY REST ON TIME-BARRED ALLEGATIONS THAT DO NOT AMOUNT TO DEFAMATION

As set forth in Rockefeller's moving brief, in pleading a defamation claim, a plaintiff must provide sufficient notice of the communications complained of to enable the defendant to defend itself. At a minimum, a plaintiff must specify the alleged defamatory words spoken. *See Bobal v. Rensselear Polytechnic Inst.*, 916 F.2d 759, 763 (2d Cir. 1990) (upholding Rule 12(b)(6) dismissal of defamation claim on the grounds that the plaintiff "fail[ed] to plead adequately the actual words spoken, publication or special damages."); *Rizzo v. Edison, Inc.*, 172 Fed. Appx. 391, 395 (2d Cir. 2006) ("New York law requires a Plaintiff to set forth the particular words complained of ... in the complaint[.]" (citation omitted))[1]; *see also Bond v. Bd. of Educ. of City of New York*, 1999 WL 151702, at *5 (E.D.N.Y. Mar. 17, 1999) (denying as futile a motion for leave to amend to add a defamation claim because the plaintiff failed to plead the alleged "defamatory language" and the persons to whom it was allegedly published). If pursuing a "defamation by implication" claim, instead of identifying the alleged defamatory statements, a plaintiff must specify the alleged truthful statements that give rise to a false suggestion, impression or implication. *See Armstrong v. Simon & Schuster, Inc.*, 85 N.Y.2d 373, 380-81 (1995).

---

[1] While *Pasqualini v. MortgageIT, Inc.*, 498 F. Supp. 2d 659 (S.D.N.Y. 2007) appears to reject the Second Circuit's requirement that the particulars of alleged defamatory statements be specified in a complaint, that portion of the Pasqualini decision was *dictum* because the plaintiff there *did* allege particular statements by specific speakers to an identified audience. *Id.* at 664. To the extent this portion of *Pascualini* is contrary to *Bobal* and *Rizzo*, it must, of course, be ignored.

2

A defamation (or defamation by implication) plaintiff must also allege: (1) who made the statements; (2) when they were made; (3) in what context; (4) whether they were made to a third party; and (5) whether they were written or oral. *Edwards v. Great N. Ins. Co,* 2006 WL 2053717, at *5 (E.D.N.Y. July 21, 2006). Whether pursuing a traditional defamation claim or a defamation by implication claim, Emamian has failed to plead either with sufficient particularity.

Under the rubric of Emamian's "Defamation By Implication" claim in the Amended Complaint (¶¶ 91 – 95), she does not place Rockefeller on notice of any defamatory (or impliedly defamatory) statements whatsoever. She now claims that her Amended Complaint identifies four instances of defamation (Opposition Brief at 4), even though none of the allegations now so identified appear in any way to relate to a defamation claim, whether defamation by implication or traditional defamation. An examination of each of the four allegations reveals that they (i) are all time-barred under New York's one year statute of limitations for defamation claims; (ii) all fail to provide sufficient notice of any alleged defamatory statement (or any alleged truthful statement with a defamatory implication), and (iii) otherwise fail as a matter of law.

*"Expert" Opinions Regarding Emamian*

Emamian first attempts to rely on an allegation that "Dr. Greengard discussed her findings with experts and that 'they did not find her discoveries to be of importance'". (Opposition Br. at 4-5; Amended Complaint ¶ 33). This allegation does not give rise to a defamation claim for several reasons. First, even if such an allegation could constitute defamation by Rockefeller, it would be time-barred under New York's one year statute of limitations for defamation claims. N.Y. CPLR §215(3). The only date provided in connection with this allegation is "early May 2005" (Amended Complaint ¶ 33), two years prior to the May

3

2007 filing of this lawsuit. In addition, on its face, this allegation describes opinions, not facts, expressed by unidentified third party "experts," not Dr. Greengard (or anyone else affiliated with Rockefeller).[2] *See Pavlica v. Behr*, 2006 WL 1596763, at *6 (S.D.N.Y. June 12, 2006) ("Statements of subjective opinion are not actionable under New York law."). Second, this allegation identifies neither a defamatory statement nor a truthful statement with an implied defamatory meaning. Finally, Dr. Greengard's alleged repetition of the experts' opinions to Emamian cannot constitute publication (a necessary element of a defamation claim). *Fedrizzi v. Washingtonville Cent. Sch. Dist.*, 204 A.D.2d 267, 268 (2d Dep't 1994) (holding that words are "published" within the meaning of the law of defamation when they are communicated to some person other than the one defamed).

### *May 9, 2005 Lab Meeting*

Emamian's attempt to rely on events from a May 9, 2005 meeting (Opposition Br. 4 – 6) also fails to support a defamation claim on multiple grounds. First, any such allegations are time-barred under New York's one year statute of limitations. N.Y. CPLR §215(3). Moreover, the statements from that meeting now attributed to Dr. Greengard (in Emamian's opposition brief only – the Amended Complaint does not specify any such statements) on that date were, as admitted by Emamian, "largely true and scientific" and therefore cannot constitute traditional defamation. (Opposition Br. 6 n. 2); *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 301 (2d Cir. 1986), *cert. denied*, 479 U.S. 1091 (1987) (under New York law, it is "fundamental that

---

[2] Although Emamian asserts in her opposition brief that "Dr. Greengard himself informed Claimant that he discussed Dr. Emamian and her research with other scientists in an unfavorable light" (Opposition Br. at 5), in her Amended Complaint, she made no such claim regarding the substance of any statements by Dr. Greengard to any experts. Even if the Court were to consider this unpleaded time-barred allegation, it is far too vague to satisfy the pleading standards set forth above. None of the alleged defamatory statements are specified, and none of the scientists to whom the alleged statements were made are identified. *Edwards*, 2006 WL 2053717, at *5.

truth is an absolute, unqualified defense to a civil defamation action") (quoting *Commonwealth Motor Parts, Ltd. v. Bank of Nova Scotia*, 44 A.D.2d 375, 378 (1st Dep't 1974), *aff'd*, 37 N.Y.2d 824 (1975)). Second, Emamian does not advance any credible theory as to how these "largely true and scientific" statements give rise to any defamatory (i.e., untrue) implications regarding her research methods or ability. Therefore, they cannot give rise to a defamation by implication claim.

Finally, to the extent Emamian tries to characterize this allegation as "defamatory conduct" (as opposed to oral or written statements), she offers no support for the proposition that the state of New York recognizes the tort of defamation in the absence of a written or oral statement. The case *Liker v. Weider,* 41 A.D.3d 438 (2d Dep't 2007), relied on by Emamian, certainly stands for no such proposition. In *Liker*, the Second Department, in affirming a defamation judgment for plaintiff, noted:

> The plaintiff produced several witnesses whose credible testimony established that the defendant engaged in a pattern of defamatory conduct against the plaintiff and per se slandered plaintiff in his occupation and by accusing him of ... (a) serious and heinous crime... (the)

*Liker,* 41 A.D.3d at 439. The court used the word "conduct" to describe "statements," not non-verbal activity. *Id.* Indeed, the court did not even remotely suggest that it was breaking new ground and holding that a defamation claim can be advanced in the absence of a written or oral statement.

### *Alleged Pattern of Behavior*

Although Emamian attempts to rely on an alleged "pattern of behavior by Dr. Greengard that constitutes defamatory conduct" (and cites various paragraphs scattered throughout her Amended Complaint for that purpose) (Opposition Br. at 4, 6-7), all of the alleged conduct occurred more than a year prior to Plaintiff's May 2007 filing of a lawsuit, rendering any

5

defamation claim premised on such alleged acts time-barred under New York law. N.Y. CPLR §215(3). Paragraph 18 of the Amended Complaint is presented as part of a series of events allegedly occurring "shortly after [Emamian began] work in Dr. Greengard's laboratory" in March of 2004. (*See* Complaint ¶¶ 13, 16). Paragraph 20 specifically refers to conduct that allegedly occurred "shortly after [Emamian] join[ed] the lab" in March of 2004. (*See* Complaint ¶ 13). Paragraph 23 refers to allegations regarding Dr. Greengard occurring "in or about October/November of 2004", while paragraph 25 refers to conduct that allegedly occurred in December 2004. (*See* Paragraph 26). Finally, Paragraph 34 refers to conduct occurring in July 2005. All of these alleged acts occurred well over a year prior to Emamian filing her May 2007 complaint. In addition, none of these allegations involve an alleged defamatory statement, nor do they describe any alleged truthful statement with a defamatory implication. As noted above, New York courts have not recognized the defamation by conduct doctrine.

### *Dr. Flajolet's Alleged Email*

Plaintiff refers to "comments by Marc Flajolet that Dr. Emamian was a 'camel driver'" as somehow constituting defamation. (Opposition Br. 4, 7). The allegations on this point are contained in Paragraph 30 of the Amended Complaint (and have been denied by Rockefeller): "For example, in or about April 2005, Marc Flajolet, another lab member, sent Dr. Emamian an e-mail that was copied to the entire lab, in which he called her a 'camel driver.'" First, any claim for defamation based on this statement would plainly be time barred under New York's one year statute of limitations. N.Y. CPLR §215(3). As asserted by Dr. Emamian, Dr. Flajolet made the alleged statement in April 2005, over two years before Emamian filed her May 18, 2007 complaint in this action. Second, this allegation contains no purported "defamatory statement of fact" concerning the Plaintiff. Emamian asserts that Dr. Flajolet "called" her a name. Courts will

not "strain to interpret statements as defamatory". *Pavlica,* 2006 WL 1596763, at *7 (citing *Aronson v. Wiersma,* 65 N.Y.2d 592, 594 (1985)). Finally, this allegation does not constitute defamation by implication. Emamian alleges no defamatory implication arising from an otherwise true statement. Emamian asks the Court to infer that Dr. Flajolet's alleged statement implies "she was uneducated and unfit for her job", even though she asserts no connection between the alleged statement and her job performance. (Opposition Br. at 7); *Pisani v. Westchester County. Health Care Corp.,* 424 F. Supp. 2d 710 (S.D.N.Y., 2006) (declining to "pile inference upon inference" to find a defamatory implication).

As each of the four allegations relied upon by Emamian fails to support a defamation cause of action, Emamian's defamation claim should be dismissed.

## II.

### EMAMIAN'S TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE CLAIM FAILS AS A MATTER OF LAW

As set forth in Defendant's moving brief, Emamian's failure to specify any particular third party with whom she had prospective business relations, and her failure to allege any knowledge on Rockefeller's part of those potential relations, are fatal to her tortious interference claim. (See Moving Br. at 4-5). Emamian attempts to satisfy these elements only by pointing to an allegation in her Amended Complaint that "Several [unidentified] scientists who had previously enthusiastically agreed to work with her on projects no longer respond to her emails." (Opposition Br. 8; Complaint ¶ 53). Emamian offers no legal support whatsoever for the proposition that such a vague allegation adequately states a claim for tortious interference with prospective contract.

Indeed, Emamian advances just the sort of allegation held to be insufficient to support a tortious interference claim in *Minnesota Mining & Manufacturing. Co. v. Graham-Field, Inc.,*

7

1997 WL 166497 (S.D.N.Y. Apr. 9, 1997). There, the defendant Graham-Field, Inc. ("GFI") counterclaimed for tortious interference with prospective economic advantage but "fail[ed ] to allege a particular customer relationship with which plaintiff interfere[ed] rather, GFI allege[d] generally that as a result of 3M's actions, 'certain of GFI's customers ha[d] brought their business elsewhere.'" The court held that GFI's vague allegations were insufficient to sustain its tortious interference with prospective economic advantage counterclaim. *Id.* at *7. Just as GFI's failure to identify any "customers" was fatal to its claim, Emamian's failure to identify any "scientists" is fatal to hers.

Emamian then speculates that Rockefeller "had full knowledge that Dr. Emamian was pursuing [unspecified] collaborations and alternative employment", based solely on the facts that Dr. Greengard had advised her to pursue alternative employment and her appointment was not renewed. In *Hutton v. Priddy's Auction Galleries, Inc.*, 275 F. Supp. 2d 428, 433-34 (S.D.N.Y. 2003) (cited in Defendant's moving brief) Hutton's entire claim for tortious interference with prospective business advantage rested on defendant-buyer's unwillingness to complete a sale between Hutton and prospective buyers, without any mention of whether defendant had any knowledge of Hutton's prospective customers. "What makes interference *tortious* is that the defendant acted with the intent to interfere." *Id.* at 435. Because Hutton did not allege that he had informed defendants of his prospective buyers, or that defendant had acquired this knowledge in some other fashion, the court dismissed Hutton's claim for tortious interference for failure to state claim. Here, as in *Hutton*, Emamian makes no claim that she advised Rockefeller of the unidentified "collaborations" or alternative employment. Nor does she allege that Rockefeller was aware of any such collaborations or employment in some other fashion. As a result, her claim should be dismissed.

## **CONCLUSION**

For the reasons stated above, as well as those set forth in Defendant's Memorandum of Law In Support of Motion to Dismiss the Seventh and Eighth Claims of the Amended Complaint.

>PROSKAUER ROSE LLP
>
>By:   /s/ Bettina B. Plevan
>      Bettina B. Plevan (BP-7460)
>      Lloyd B. Chinn (LC-7953)
>1585 Broadway
>New York, NY 10036
>(212) 969-3065
>
>Attorneys for Defendant

Dated:  New York, New York
        October 26, 2007

9