UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EFFAT S. EMAMIAN,

                Plaintiff,

- against -

ROCKEFELLER UNIVERSITY,

                Defendant.

**ORDER**

07 Civ. 3919 (PGG) (MHD)

PAUL G. GARDEPHE, U.S.D.J.:

        On November 16, 2020, Plaintiff moved for an award of attorneys' fees and costs for her current counsel – Beldock Levine & Hoffman LLP – as well as two law firms that previously represented her in this action – the Law Office of Michael G. Dowd and Alterman & Boop LLP – pursuant to the New York City Human Rights Law ("NYCHRL"). (Pltf. Br. (Dkt. No. 301) at 7-8 (citing N.Y.C. Admin. Code § 8-502(g)))  That same day, Liddle & Robinson, L.L.P. ("L&R") – which represented Plaintiff in connection with this case between 2006 and 2011 – submitted a separate motion under the NYCHRL to recover for services it rendered to Plaintiff. (L&R Br. (Dkt. No. 297) at 5-7)[1]

        Under NYCHRL § 8-502(g), a court "may award the prevailing party reasonable attorney's fees, expert fees and other costs" in NYCHRL actions. See N.Y.C. Admin. Code § 8–502(g). In interpreting nearly identical attorneys' fees provisions under federal law, courts in this Circuit have determined that the client – and not the client's attorney – holds the right to

---

[1] In July 2019, L&R commenced bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York. (Id. at 8 (citing In re Liddle & Robinson, L.L.P., No. 19-12346 (SHL)))  As a result, L&R's motion is submitted by Jonathan L. Flaxer, the Chapter 11 Trustee for the bankruptcy estate of L&R. (Id. at 5)

1

such awards.  See Soliman v. Ebasco Servs. Inc., 822 F.2d 320, 322–23 (2d Cir. 1987) (holding that an "attorney has no personal right to an award of statutory attorney's fees [independent of his client]" under Title VII, which provides that courts "'may allow the prevailing party . . . a reasonable attorney's fee as part of the costs'" (quoting 42 U.S.C. § 2000e–5(k))); Oguachuba v. INS, 706 F.2d 93, 97–98 (2d Cir. 1983) (noting in dicta that "counsel has no standing to apply to the public fisc for payment . . . on his own behalf" under the Equal Access to Justice Act, which provides that "'a court shall award to a prevailing party . . . fees and other expenses'" (quoting 28 U.S.C. § 2412(d)(1)(A))); Williams v. Metro-N. R.R. Co., 1:17-cv-03847 (JGK), 2018 WL 3370678, at *3 (S.D.N.Y. June 28, 2018), report and recommendation adopted, 17 Civ. 3847 (JGK), 2018 WL 3368713 (S.D.N.Y. July 10, 2018) ("Under Title VII, an award of attorneys' fees belongs to the prevailing plaintiff, and not to the plaintiffs' attorneys." (citing Soliman, 822 F.2d at 322)); Burrell v. City of Binghamton, No. 86-CV-1062, 1989 WL 29878, at *2 (N.D.N.Y. Mar. 24, 1989) ("Settled law provides that it is the client as the 'prevailing party' and not the client's attorney to whom the entitlement to the award of attorney's fees refers in both the attorney's fees provision of Title VII, 42 U.S.C. § 2000e–5(k), and the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988." (citing Evans v. Jeff D., 475 U.S. 717, 730-31, 730 n.19 (1986); Soliman, 822 F.2d at 322)); cf. Lema v. Mugs Ale House Bar, No. 12-CV-2182 (PKC)(JO), 2014 WL 1230010, at *3 (E.D.N.Y. Mar. 21, 2014) (same holding in Fair Labor Standards Act case).

    L&R states that it filed a separate motion because "Plaintiff's current counsel . . . advised that, due to prior disputes between L&R and Plaintiff, L&R should submit its own motion for fees and expenses incurred on behalf of Plaintiff."  (L&R Br. (Dkt. No. 297) at 5)

However, L&R has not addressed the law cited above demonstrating that any right to an award of attorneys' fees and costs is a right that belongs to plaintiff, and not to plaintiff's counsel.

Plaintiff likewise has not addressed why – in directing L&R to file its own motion for attorneys' fees and costs – she believes L&R has standing to submit a separate motion. Indeed, in her recent submissions to this Court opposing the settlement between L&R and Defendant as to the award L&R seeks in its motion, Plaintiff asserts that "a plaintiff . . . could not [] assign the rights of her attorneys' fees to another party." (Emergency Mot. to Stay (Dkt. No. 322) at 3-7; see also Aug. 9, 2021 Pltf. Ltr. (Dkt. No. 318))

Accordingly, L&R's motion for an award of attorneys' fees and costs (Dkt. No. 296) and Plaintiff's motion for an award of attorneys' fees and costs (Dkt. No. 300) are denied without prejudice. Any subsequent motion for an award of attorneys' fees and costs will be submitted by Plaintiff and will include the attorneys' fees and costs Plaintiff incurred as a result of L&R's representation of her. Plaintiff will also submit with any subsequent motion a copy of L&R's charging lien.

The Clerk of Court is directed to terminate the motions (Dkt. Nos. 296, 300).

Dated: New York, New York
       September 30, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

3